UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTWONE WILSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:23-cv-1347-CLM-GMB |
| DR. SHARPTON, *et al.*, | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Antwone Wilson filed a *pro se* complaint under 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. Doc. 1. Wilson's complaint names Dr. Sharpton and Yes Care as the only defendants. Doc. 1 at 1–2. Wilson seeks monetary damages of $250,000 from Dr. Sharpton and $650,000 from Yes Care, and he also asks the court to issue an injunction requiring Dr. Sharpton to provide medical attention for his heel. Doc. 1 at 5. The complaint is before a Magistrate Judge for a preliminary report and recommendation. *See* 28 U.S.C. § 636(b)(1); *McCarthy v. Bronson*, 500 U.S. 136 (1991). For the reasons to follow, the Magistrate Judge recommends that all claims in this action be dismissed for failure to state a claim upon which relief can be granted.

## I. STANDARD OF REVIEW

The Prison Litigation Reform Act requires this court to screen prisoners' complaints against government officers or employees. *See* 28 U.S.C. § 1915A. The court must dismiss these complaints, in whole or in part, if they are frivolous or malicious, seek monetary damages from a defendant immune from monetary relief, or do not state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). The court has the discretion under § 1915A(a) to dismiss a prisoner's complaint *sua sponte* and prior to service.

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim is "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For example, a claim is frivolous as a matter of law if the defendants are immune from suit or the plaintiff is seeking to enforce a legal right that does not exist. *Id*. at 327. The legal standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) also determines whether a complaint states a valid claim under 28 U.S.C. § 1915A(b)(1). *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Therefore, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and a complaint should be a "'plain statement' possess[ing]

2

enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 557 (2007). On the other hand, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, the court should dismiss a claim when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones*, 549 U.S. at 215.

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and should be liberally construed, *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), but still must include factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. FACTUAL ALLEGATIONS

Wilson alleges that his "heel is growing a[n] extra bone . . . which is poking through skin causing pain when [he] stand[s] and tr[ies] to walk." Doc. 1 at 5. He feels like he is walking on a sharp rock, and Dr. Johnson at UAB told that him he "wouldn't be able to walk normal or without pain" unless he had surgery. Doc. 1 at 5, 12–13. Wilson claims that Dr. Sharpton has refused to make him an appointment for his surgery, while Yes Care "denied appointment for surgery." Doc. 1 at 4.

Wilson alleges that he turned in sick call requests "monthly" during 2023 (Doc. 1 at 4–5) and provides the following history of his heel condition:

> I went to have surgery for the first time about May/June [2023] and UAB Doctor sent me back without surgery because I ate breakfast [a] couple hours before. UAB Doctor Johnson said the nurse at Donaldson [] should have made me sign a NPO statement telling me not to eat before surgery, but nurses didn't do that . . . . Then my second appointment I had I think was around July[.] I forgot and ate. My third appointment was around August and Nurse once again didn't bring me a NPO to sign and the entire facility was on lock-down for weeks. On my third appointment I didn't go because [the] Warden said [the] whole camp was on lock-down because a gun and hostage situation had occurred inside of facility.

Doc. 1 at 11. After the third appointment, Dr. Sharpton told Wilson that "Yes Care might deny another appointment because [he] had 3 appointments." Doc. 1 at 11–12.

On October 3, 2023, Dr. Sharpton told Wilson that (1) "Yes Care will not try to get [him] a[n] appointment for surgery because no doctor will want to accept [him] because [he] had problems with past appointment dates," (2) "Dr. Johnson at UAB won't accept [him] no more," and (3) Dr. Sharpton "tried to send [Wilson] to Brookwood to see another doctor for surgery," but Yes Care denied the request. Doc. 1 at 12. Dr. Sharpton also told him not to have "the bone shaved down because it will grow back." Doc. 1 at 12.

On these facts, Wilson asserts claims of deliberate indifference to serious medical needs against both Dr. Sharpton and Yes Care. Doc. 1 at 12.

4

## III. ANALYSIS

**A.    Dr. Sharpton**

Wilson claims that Dr. Sharpton was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment because he denied him surgery on his heel. Doc. 1 at 3–4. Wilson's complaint does not state a claim against Dr. Sharpton upon which relief can be granted.

The "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). A deliberate indifference claim "entails both an objective and a subjective component." *Keohane v. Fla. Dep't of Corr.*, 952 F.3d 1257, 1266 (11th Cir. 2020) (citing *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004)). To prove a deliberate indifference claim, Wilson first must show a "serious medical need," which is "one that is diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment." *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008). Second, he must "prove that prison officials acted with deliberate indifference to that need by showing (1) that they had 'subjective knowledge of a risk of serious harm' and (2) that they 'disregard[ed]' that risk (3) by conduct that was 'more than mere negligence.'" *Keohane*, 952 F.3d at 1266 (quoting *Brown*, 387 F.3d at 1351).

"A prisoner bringing a deliberate-indifference claim has a steep hill to climb." *Id.* This is because medical treatment violates the Constitution only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). The Constitution does not guarantee "perfect, the best obtainable, or even very good" medical care. *Id.* at 1510 (internal quotation marks omitted). And mere negligence, malpractice, or a difference of opinion between an inmate and the institution's medical staff will not support a deliberate indifference claim. *Id.* at 1505.

Even if the court assumes, without deciding, that Wilson's heel condition constitutes a serious medical need, he has not alleged facts showing that Dr. Sharpton was deliberately indifferent to that need. Wilson admits that Dr. Sharpton and the rest of the medical staff made repeated attempts for him to have surgery, but the surgery did not occur twice because Wilson did not follow the pre-operative instructions and once because the facility was locked down. Doc. 1 at 11. Moreover, Wilson does not allege that Dr. Sharpton intentionally delayed or denied his medical treatment. Instead, Wilson's only complaint about Dr. Sharpton is that he reported to Wilson that Yes Care might refuse to schedule another surgery after three previous cancellations, that Dr. Johnson at UAB would not accept Wilson, and that Yes Care denied his request to send Wilson to Brookwood Hospital. Doc. 1 at 11–12. These

6

statements do not support a claim of deliberate indifference. And while Wilson elsewhere complains that Dr. Sharpton told him there was no reason to have the "bone shaved down because it will grow back" (Doc. 1 at 12), a difference of opinion about treatment does not give rise to a cause of action under the Eighth Amendment. *See Harris*, 941 F.2d at 1505.

In short, Wilson's allegations do not satisfy the subjective component of a deliberate indifferent claim against Dr. Sharpton.

**B.     Yes Care**

Wilson alleges that Yes Care refused to schedule an appointment for his surgery. Doc. 1 at 4. A corporation providing prison medical services cannot be held liable under § 1983 on the basis of *respondeat superior*. In other words, liability under § 1983 cannot be based solely on the corporation's role as the supervisor of the doctors or nurses who provided the plaintiff's care or allegedly denied him surgery. *See, e.g.*, *Massey v. Montgomery County Det. Fac.*, 646 F. App'x 777, 780 (11th Cir. 2016). Rather, for § 1983 liability to attach to a private corporation providing medical care, a plaintiff must demonstrate that a corporate policy or custom resulted in a violation of his constitutional rights. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Put another way, a plaintiff must show that the corporation's policy, practice, or custom was the moving force behind the deprivation of his constitutional rights. *See Craig v. Floyd County, Ga.*, 643 F.3d

1306, 1310 (11th Cir. 2011). Because Wilson does not allege that any corporate policy or custom caused a violation of his constitutional rights, his claim against Yes Care is due to be dismissed. *Id.*

## IV. RECOMMENDATION

For these reasons, the Magistrate Judge RECOMMENDS that all claims in this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted.

## V. NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

DONE and ORDERED on July 8, 2024.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE